JUDGE SAND

**11 CIV 7592**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

JASON PEREZ,

                          Plaintiff,      COMPLAINT AND
                                      JURY DEMAND
    -against-

THE CITY OF NEW YORK, JOHN DOE POLICE
OFFICERS ##1-10,                        DOCKET #

                          Defendants.     ECF CASE

----------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.    The claim arises from a March 14, 2010 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, malicious prosecution and excessive force.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Bronx County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. John Doe police officers, at all times here relevant, were employees of the NYPD, and are sued in his individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On March 15, 2010, plaintiff was inside of his apartment at 3873 Orloff Street, Bronx, NY, with his wife. Some time prior to 3:00 a.m., plaintiff and his wife had an argument. At approximately 3:00 a.m., police officers knocked at his door. Plaintiff opened the door and the officers immediately and forcibly entered the home without consent, and assaulted plaintiff.

12. Plaintiff was arrested and charged with the misdemeanors of Obstructing Governmental Administration and Resisting Arrest, and a violation for Disorderly Conduct.

13. Plaintiff denies committing any crime or violation in connection with his arrest. After numerous appearances at the Bronx Criminal Court, on July 19, 2011 all charges against plaintiff

were dismissed.

14. Plaintiff suffered significant injury due to the officers' unlawful assault. He was treated at North Central Bronx Hospital and diagnosed with fractures to his right and left nasal bones, swelling and contusions to the right side of his face, multiple contusions about his body, and left had swelling.

15. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

17. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and home;

   b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   c. Violation of his right to Equal Protection under the Law under the Fourteenth Amendment to the United Stated Constitution;

   d. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

e.  Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f.  Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

g.  Trespass; and

h.  Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

18. The above paragraphs are here incorporated by reference.

19. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from false arrest and false imprisonment, malicious prosecution, use of excessive force, and governmental intrusion in his home, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

20. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

21. The above paragraphs are here incorporated by reference.

22. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

23. There was no reasonable expectation of successfully prosecuting plaintiff.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
October 24, 2011

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Yours, etc.,

*Leo Glickman*

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com